**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert William Leighton, | No. CV-18-00058-TUC-JGZ (LAB) |
| Petitioner, | **REPORT & RECOMMENDATION** RE: PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the court is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on February 05, 2018, by Robert William Leighton, an inmate confined in the Arizona State Prison Complex – Eyman in Florence, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this Court, this matter was referred to Judge Bowman for report and recommendation.

Summary of the Case

Petitioner Leighton was convicted of first-degree murder, burglary, kidnapping, and armed robbery on February 5, 2010. (Doc. 8, p. 21)  The Arizona Court of Appeals affirmed his convictions and sentences on December 22, 2010.  (Doc. 8-1)  He did not file a motion for review with the Arizona Supreme Court by the 30-day deadline, March 23, 2011. (Doc. 8-2)

Approximately five years later, the petitioner became aware of a "significant legal error" in his case. (Doc. 1-2, p. 3)  The petitioner came to believe that his trial attorney had misstated the then recently-amended law on marital privilege, allowing his former wife to testify about incriminating statements the petitioner had made to her. (Doc. 1-2, p. 4)  He argues that his appellate attorney also missed this issue. *Id*.

Following his discovery, the petitioner filed a Rule 32 notice of post-conviction relief on February 9, 2017, raising a claim of ineffective assistance of counsel. (Doc. 8-3). Leighton conceded that the notice was untimely, but he checked boxes stating that the untimeliness was not the petitioner's fault and that newly discovered material facts exist that would have changed the verdict or sentence. *Id*. The trial court denied relief on February 28, 2017 because the notice did not state any facts that would support the claim or explain why it was untimely filed. (Doc. 8-4)

On March 23, 2017, the petitioner filed another notice, which explained that there was a misstatement of law in the pretrial motion asserting the marital communication privilege. (Docs. 8-5, p. 3) He alleged that this was a critical issue that was not later raised on appeal. *Id*. On April 05, 2017, the superior court dismissed this notice, explaining that even though the petitioner might only recently have become aware that his counsel made a legal error, it is not a newly discovered material fact. (Doc. 8-6) It further stated that the petitioner was not actually making an Ariz. R. Crim. P. 32.1(e) argument for newly discovered evidence, which can be raised in an untimely filing, but a Rule 32.1(a) argument for ineffective assistance of counsel, which cannot. *Id*.

Leighton filed a petition for review of the trial court's decision to the Arizona Court of Appeals on May 08, 2017, arguing that there were no new facts involved, only a question of law which the court should review. (Doc. 8-7). He provided no explanation for his untimeliness other than the fact that he only became aware of the issue in November of 2016. *Id*. The court of appeals granted review but denied relief on September 14, 2017 for the same reason the superior court did: the petitioner failed to identify any exception that would allow him to file an untimely notice. (Doc. 8-8).

On January 24, 2018, the petitioner constructively filed the pending habeas petition seeking to have his conviction vacated based on ineffective assistance of counsel. (Doc. 1, p. 15) In his petition, he seeks equitable tolling "from January 1, 2011 to March 2017," when he began state post-conviction relief proceedings. (Doc. 1, p. 14); *see also* (Doc. 1-2, p. 3) (asserting slightly different dates).

- 2 -

Leighton further argues that the limitations period was statutorily tolled during the time his application for state post-conviction relief was pending, beginning with his application for post-conviction relief in March 2017 and ending on September 14, 2017, when he exhausted his state remedies. (Doc. 1-2, p. 3)

On May 9, 2018, the respondents filed an answer arguing the petition is time-barred and, in the alternative, that Leighton's claim is procedurally defaulted.  (Doc. 7) Leighton filed a reply on June 20 2018.  (Doc. 14)

Discussion: Limitation Period

The respondents argue first that the petition is time-barred.  (Doc. 7)  They are correct.

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).  The limitation period for Leighton's single claim was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   The "factual predicate" trigger does not apply because, while Leighton did not discover the *legal* basis of his claim until much later, he knew the "factual predicate" underpinning his claim by the time of trial.   *See* 28 U.S.C. § 2244(d)(1)(D);   *Freeman v. Schriro*, 2008 WL 2324121, at \*4 (D. Ariz. 2008), report and recommendation adopted, 2008 WL 2324120 (D. Ariz. 2008)  ("To the extent Petitioner contends he recently became aware of the text of and amendments to the sentencing statutes at issue herein, the statutes serve as the legal predicate for Petitioner's claims, not the factual predicate or evidence, relevant to his guilt or sentence.");   *see also Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005)  ("If a change in (or clarification of) state law, by a state court, in a case in which Shannon was not a party, could qualify as a "factual predicate," then the term "factual" would be meaningless.").

On December 22, 2010, the Arizona Court of Appeals affirmed Leighton's convictions.  (Doc. 8-1)  He then had 30 days to file a petition for review with the Arizona Supreme Court.  Ariz.R.Crim.P. 31.21(b)(2)(A).  When he failed to do so, his judgment became final on the deadline for filing, January 21, 2011.  *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007), cert. denied, 555 U.S. 829 (2008).

The limitation period began running the next day and expired one year later on January 23, 2012. *See Hemmerle*, 495 F.3d at 1077. (January 21, 2012 was a Saturday, so the deadline was extended to the next Monday. Fed.R.Civ.P.6(a)(3)(A)) Leighton constructively filed the pending petition on January 24, 2018, six years later. (Doc. 1, p. 15) It is time-barred.

Leighton filed notice of post-conviction relief on February 9, 2017 and again on March 23, 2017. (Doc. 8-3); (Doc. 8-5) These notices did not statutorily toll the limitation period because it had already expired. See 28 U.S.C. § 2244(d)(2). Moreover, statutory tolling only applies to "properly filed" applications. These notices were untimely and therefore were not "properly filed." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Equitable Tolling

Leighton argues the limitations period should be equitably tolled until he discovered the legal basis of his claim.

"[A] petitioner is entitled to equitable tolling [of the limitation statute] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (punctuation modified), *cert. denied*, 131 S.Ct. 3039 (2011). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Id*. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

a. Diligence

A petitioner only needs to be reasonably diligent to qualify for equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 653, (2010). Whether a petitioner has been diligent is a "fact-specific inquiry … guided by 'decisions made in other similar cases ... with awareness of the fact that specific circumstances, often hard to predict in advance, could

warrant special treatment in an appropriate case.'" *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (internal citations omitted).    Diligence, then, is shown by reasonable efforts made toward the case. It means that during the period of equitable tolling, the petitioner should "attempt to resolve the impediment preventing timely filing so that the courts can consider his petition as soon as possible." *Grant v. Swarthout*, 862 F.3d 914, 923 (9th Cir. 2017).

Leighton states that he has shown "extreme diligence" since he discovered the legal basis of his claim in September of 2017.  (Doc. 1-2, p. 3)  He says nothing, however, about how diligent he was between March of 2011, when his judgment became final, and September of 2017.  He does not explain when he began his research, how he gathered his materials, and what help, if any, he sought.  The record here does not establish diligence.

### b. Extraordinary Circumstances

A petitioner must also demonstrate extraordinary circumstances which prevented timely filing.  *Holland v. Florida,* 560 U.S. 631, 649 (2010).  A "garden variety claim of excusable neglect" does not rise to the level of extraordinary circumstances.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990).

Leighton concedes that "garden variety" negligence does not constitute an extraordinary circumstance.  (Doc. 1, p. 14)  He argues instead that his attorney "abandoned" him.  *Id*.  He maintains that the facts of his case mirror those presented in *Gibbs v. Legrand*.  *Id*.  They do not.

In *Gibbs*, counsel failed to inform the petitioner that his appeal had been decided after committing himself to informing him of such a development.  *Gibbs v. Legrand*, 767 F.3d 879, 886 (9th Cir. 2014).  The ensuing delay caused Gibbs's petition to be filed after the one-year limitation period.  The Court found that counsel's feckless behavior "constituted abandonment, and thereby created extraordinary circumstances sufficient to justify equitable tolling." *Id*.

In this case, Leighton blames his appellate counsel for failing to uncover the legal grounds raised in the pending petition. He complains that he "did not receive any communication or direction from [counsel]… on how to bring further proceedings at any time from December 22, 2010 to September 2017. (Doc. 1-2 at 3) He argues that his counsel abandoned him just like in *Gibbs*. The court finds that *Gibbs* is inapposite.

In *Gibbs*, attorney "abandonment" was a problem because the petitioner was represented by counsel and could not act on his own behalf. In the present case, Leighton was without counsel during the limitations period. Accordingly, the issue of "abandonment" does not apply.

Leighton was represented by appellate counsel only until his direct appeal was decided by the Arizona Court of Appeals. At that point, counsel's representation was over and Leighton was free to act on his own behalf. Leighton acknowledges that he was without counsel when his appeal was denied on December 22, 2010. (Doc. 14, p. 3) It was therefore Leighton's responsibility to file a timely post-conviction relief notice *pro se*. At sentencing, the court informs the defendant of his right to seek post-conviction relief (PCR) and the need to file a timely notice. Ariz.R.Crim.P. 26.11(a)(1). When a timely notice is filed, the court will appoint counsel where, as here, the defendant is indigent. Ariz.R.Crim.P. 32.4(b)(2); (Doc. 8, p. 64). The statutory scheme is designed so that post-conviction relief counsel will be the one who scours the record for evidence of ineffective assistance. Ariz.R.Crim.P. 32.4(d). It would not make sense to expect trial counsel or appellate counsel to recognize her own ineffectiveness.

Appellate counsel did not abandon Leighton. She raised the issues she thought most likely to afford Leighton some measure of relief. She withdrew from the representation when she was required to do so, at the conclusion of direct review. Appellate counsel's alleged failure to uncover the legal theory that Leighton advanced in his later filed post-conviction relief notice is at most negligence. Garden variety negligence does not constitute extraordinary circumstances justifying equitable tolling.

Leighton has established neither diligence nor extraordinary circumstances. He

does not qualify for equitable tolling.

Discussion: Exhaustion

The court finds in the alternative that if the petition is not time-barred, the claim is procedurally defaulted and the petition should be dismissed.

To be granted relief, a habeas petitioner must show that he has properly exhausted his remedies in state courts. 28 U.S.C. § 2254(b)(1)(A). A properly exhausted claim is one that has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971).  The petitioner must make explicit the factual and legal basis for the claim and the federal nature of the claim.  *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999*); Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).

Moreover, the petitioner must present the claim in a procedural context that ensures it will be considered on the merits.  *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989).  If the state court fails to consider the claim on the merits for procedural reasons, the claim is procedurally defaulted.  *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002).  Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ineffective assistance of counsel constitutes cause when it has been independently presented to the State courts. *Id*. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."  *Id*. at 486.  To prove prejudice, a petitioner must show "not merely that the errors at his trial created a

possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).  A miscarriage of justice exception happens only when a petitioner can show that the constitutional violation probably resulted in a wrongful conviction. *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

In this case, the state court found that Leighton's petition was untimely and refused to consider his claim on the merits.  (Doc. 8-8, pp. 2-4)  His claim is procedurally defaulted and must be dismissed.  *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002).

Leighton argues that his appellate attorney failed to recognize this claim and her ineffectiveness provides cause for his default.  Counsel's ineffectiveness can provide cause for a default but only if that ineffectiveness was *properly* raised as a separate claim before the state court. *Murray v. Carrier*, 477 U.S. 478, 479 (1986);  *Edwards v. Carpenter*, 529 U.S. 446, 452-453 (2000)  (A procedurally defaulted claim of IAC does not constitute cause.)  Leighton accused trial counsel and appellate counsel of ineffective assistance but failed to raise those claims in a timely manner.  (Doc. 8-8, pp. 2-4)  Accordingly, counsels' alleged ineffectiveness does not provide cause to excuse his default.

Discussion: Merits

The court finds in the alternative that Leighton's claim should be denied on the merits.  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.A. § 2254.

At trial, Leighton maintained that he came upon the victim after her death and therefore he could, at most, be convicted of theft.  (Doc. 8, pp. 5-6)  His former wife, Lindsey, however, testified that Leighton "told her the victim had been alive when he first entered the apartment and that he struck her in the head and was 'just as guilty' as

the others."  (Doc. 8, pp. 6-7)  On this testimony, Leighton was convicted of first-degree murder, burglary, kidnapping, and armed robbery.  (Doc. 8, p. 4)  Before trial, counsel tried to have Lindsey's testimony precluded as a privileged marital communication, but the trial court denied his motion.  (Doc. 1-3, p. 12)

In the pending petition, Leighton argues his counsel was unaware that the marital privilege statute, A.R.S. s 13-4062, had changed in 2009 between the time of the crime and the trial.  It is not entirely clear why Leighton thinks this is important.  In the motion to preclude marital communications, trial counsel quotes from the amended statute. (Doc. 1-3, p. 14)  (quoting from the newly added text as follows: "Before testifying, the testifying spouse makes a voluntary statement . . . .");  *see Arizona v. Carver*, 227 Ariz. 438, 440 (App. 2011).    Obviously, counsel knew about the latest version of the statute. Leighton argues that counsel was unaware of the change and should have argued that the previous version of the statute applied instead of the newly amended version.   This argument is without merit.

To succeed on an ineffective assistance claim, the habeas petitioner must prove "his counsel's performance was deficient in violation of the Sixth and Fourteenth Amendments" and "he was prejudiced by counsel's deficient performance."  *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014).

"Counsel is constitutionally deficient if the representation fell below an objective standard of reasonableness such that it was outside the range of competence demanded of attorneys in criminal cases."  *Clark*, 769 F.3d at 725 (punctuation modified).  "When evaluating counsel's conduct, [the court] must make every effort to eliminate the distorting effects of hindsight, and to evaluate the conduct from counsel's perspective at the time." *Id*.

"A defendant is prejudiced by counsel's deficient performance if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Clark*, 769 F.3d at 725. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Because hindsight is 20/20, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Clark*, 769 F.3d at 725.

If counsel had argued that the previous version of the statute applied, his argument would have been denied. The court applies the version of the statute in effect at the time of the trial, not at the time the communication was made. *Arizona v. Carver*, 227 Ariz. 438, 441 (App. 2011). And even if counsel had succeeded in having the trial court apply the previous version of the statute, Leighton does not explain how things would have been different. Both the former and newly amended versions of the statute permit a spouse to testify if the defendant is accused of murder and she wants to do so, which was the case here. (Doc. 1-3 p. 18)

Counsel's performance was neither deficient nor prejudicial.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1) The petition is time-barred. In the alternative, the petitioner's claim is procedurally defaulted. In the alternative, the claim should be denied on the merits.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

Dated this 5th day of July, 2018.

_Leslie A. Bowman_

Leslie A. Bowman
United States Magistrate Judge