1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Leighton,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-18-00058-TUC-JGZ (LAB)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Leslie A. Bowman's Report recommending that the Court dismiss, or in the alternative, deny Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 15.) Petitioner has filed an objection to the Report and Recommendation and Respondents have filed a response. (Docs. 16, 17.) Petitioner has also filed a notice of recent case law in support of his claims. (Doc. 19). After considering the Report and Recommendation, the Petition, the arguments raised in Plaintiff's Objection, Respondents' Response, and Plaintiff's notice, the Court will overrule the objection and adopt Judge Bowman's recommendation for dismissal of the Petition.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also*

*Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Thomas v. Arn*, 474 U.S. 140, 149–54 (1985); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).

## DISCUSSION[1]

The Report and Recommendation concludes the Petition is properly dismissed on three independent grounds: (1) statute of limitations; (2) failure to exhaust; and (3) lack of merit. Because the Court concludes that the Petition is untimely, the Court does not address Judge Bowman's alternative grounds for dismissal.

"The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." *Thompson v. Lea,* 681 F.3d 1093 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). Petitioner admits that his Petition was filed six years after expiration of the ADEPA limitations period. (Doc. 16 at 2.) Petitioner asserts that he is entitled to equitable tolling because he diligently pursued his claims after discovering their bases, and that appellate counsel's abandonment prevented him from raising the claims earlier.

A petitioner is entitled to equitable tolling of the § 2244(d) statute of limitations only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631. 649 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a petitioner must show that "an external force"—as opposed to the petitioner's own oversight, miscalculation, or negligence—caused the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). "Equitable tolling is justified in few cases . . . ." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The threshold necessary to trigger it is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 15.)

omitted).

The Court agrees with Judge Bowman's conclusion that Petitioner fails to meet this very high threshold. Petitioner was aware of the facts giving rise to his claims at the time of his trial. His lack of understanding about the legal significance of those claims until after expiration of the limitations period does not support equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Petitioner similarly fails to establish that appellate counsel's conduct amounted to abandonment or that any claimed abandonment was the reason for Petitioner's failure to file a timely habeas petition. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (petitioner must show that extraordinary circumstances "were the cause of his untimeliness" and "ma[de] it impossible to file a petition on time" (internal quotation marks and alteration omitted)); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (petitioner must also demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the tardiness of his filing.). Thus, counsel's alleged misconduct does not support equitable tolling. Because Petitioner fails to establish his entitlement to equitable tolling of the AEDPA limitations period, his Petition is untimely filed and must be dismissed. *See Pace v. DiGuglielmo,* 544 U.S. 408, 419 (2005) ("Because petitioner filed his federal habeas petition beyond the deadline, and because he was not entitled to statutory or equitable tolling for any of that period, his federal petition is barred by the statute of limitations.")

**CERTIFICATE OF APPEALABILITY**

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of

a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.* Applying these standards, the Court concludes that a certificate should not issue, as the resolution of the petition is not debatable among reasonable jurists.

**CONCLUSION**

IT IS ORDERED THAT:

1. The Report and Recommendation (Doc. 15) is ADOPTED to the extent set forth in this Order.
2. Petitioner's Objection to the Report and Recommendation (Doc. 16) is OVERRULED.
3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice.
4. A certificate of appealability is DENIED.
5. The Clerk of Court shall enter judgment accordingly and close the file in this action.

Dated this 13th day of November, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge